**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANNETTE GRANAT an Individual | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-05556 |
| READERLINK DISTRIBUTION SERVICES, LLC an Illinois Limited Liability Company, | ) ) ) ) | |
| Defendant, | ) ) ) | JURY TRIAL DEMANDED |

**COMPLAINT**

COMES NOW Annette Granat ("Granat" or "Plaintiff"), and for her cause of action of violation of the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, and the Illinois Right of Publicity Act alleges as follows:

**NATURE OF THE CASE**

1.      This is an action arising under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.; the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510; and the Illinois Right of Publicity Act, 765 ILCS 1075 based upon the Defendants wrongful distribution of a Spanish translation book of extremely poor quality wherein the translation is attributed to Plaintiff ("Infringing Book").  Defendant represented no less than three separate times that all copies of the Infringing Book would be recalled and destroyed, but nevertheless continued to distribute the Infringing Book.

2.      Plaintiff will shortly seek (unless there is a stipulation to such by the Defendant) a temporary restraining order and preliminary injunction prohibiting further sales and impoundment

1

of the Infringing Book, and also seeks compensatory and treble damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

## PARTIES

3.      Plaintiff is an individual having an address at Calle Papaya 2, Casa 716 B, Clayton, Panama City, Panama.

4.      Defendant Readerlink Distribution Services, LLC ("Readerlink" or "Defendant") is a limited liability company formed and existing under the laws of Illinois with its principal office located at 1420 Kensington Road, Oak Brook, IL 60523.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction over Count I of this action is conferred upon this Court by 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act).

6.      Counts II and III for unfair competition/unfair or deceptive acts and violation for Plaintiff's right of publicity under Illinois law are so closely related to Count I, which arises under federal law, that they form part of the same case or controversy, thereby giving this Court supplemental jurisdiction under 28 U.S.C. § 1367(a) over the related state law claim in Counts II and III.

7.      Personal jurisdiction over Defendant in this district is appropriate because Defendant is formed under the laws of the state of Illinois and has its principal place of business in this judicial district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Readerlink "resides" in this judicial district, as that term is defined therein. *See* 28 U.S.C. § 1391 (c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, *in any judicial district in which such*

*defendant is subject to the court's personal jurisdiction* with respect to the civil action in question

… .") (emphasis added).

## GENERAL ALLEGATIONS

9.      Plaintiff is a professional freelance translator and translation reviewer who has been translating children´s literature books and multiple documents from English into Spanish for over 20 years.

10.     Readerlink is a "full-service" book distributor that distributes hardcover, trade, and paperback books to various retail outlets.

11.     One of the services Readerlink offers as part of its distribution model is book publishing.

12.     Readerlink's book publishing division is known as Printers Row Publishing Group ("Printers Row").

13.      On or around June 1 2017, Plaintiff entered into a Work Made for Hire Agreement with Printers Row (the "Work for Hire Agreement").  A true and correct copy of the signed Work for Hire Agreement is attached hereto as Exhibit A.

14.     Pursuant the Work for Hire Agreement, Plaintiff translated the book "Star Wars Poe Dameron Flight Log" ("Flight Log") from English into Spanish for Printers Row/Readerlink.

## DEFENDANT'S WRONGFUL ACTS

15.     In May of 2018, Plaintiff noticed that Readerlink had failed to attribute the Flight Log translation to Plaintiff, and had misattributed the translation of another book—"Star Wars: The Force Awakens: Rey's Survival Guide" ("Survival Guide")—to Plaintiff.  A true and correct copy of a picture of the misattribution of Survival Guide to Plaintiff is reproduced below:

Writer: Jason Fry
Editor: Amy Nathanson Heaslip
Art Director, Designer and Illustrator: Andrew Barthelmes
Page Layout: Rebecca Stone
Copy Editor: Nancee Adams-Taylor
Translator: Annette Granat
Managing Editor: Christine Guido
Creative Director: Julia Sabbagh
Associate Director: Rosanne McManus
Lucasfilm Editor: Frank Parisi
Lucasfilm Story Group: Leland Chee, Pablo Hidalgo, Rayne Roberts

16.     Plaintiff never translated, nor contracted to translate, Survival Guide.  The translation of Survival Guide is of extremely poor quality such that attribution of the translation of Survival Guide to Ms. Granat is likely to seriously damage her reputation.

17.     On June 26, 2018, Plaintiff sent Readerlink a letter notifying Readerlink of the misattribution.  A true and correct copy of the June 26, 2018 letter is attached hereto as Exhibit B.  Plaintiff requested that Readerlink, among other things, "cease selling and fulfilling orders of the Spanish version of Survival Guide that attribute the translation to Ms. Granat, unless you obliterate Ms. Granat's name."  Ex. B at p. 2.

18.     On July 12, 2018, Readerlink responded to Plaintiff's June 26, 2018 letter.  A true and correct copy of the July 12, 2018 letter is attached hereto as Exhibit C.  Readerlink stated that it had "undertaken the recall and destruction of all of the 7,752 copies of the *Survival Guide* that were printed"—Readerlink's first representation that it would recall and destroy the books.  Ex. C.

19.     On July 19, 2018, Plaintiff responded to Readerlink's July 12, 2018 letter.  A true and correct copy of the July 19, 2018 letter is attached hereto as Exhibit D.  Plaintiff requested Readerlink certify, in writing, that all copies of the Survival Guide had been recalled and destroyed.  Ex. D at p. 1.  Plaintiff also indicated that to the extent Readerlink provided the requested certification, Plaintiff would consider this matter closed.  *Id.*

-4-

20.     On July 19, 2018, Readerlink sent an email response to Plaintiff's July 19, 2018 letter.  A true and correct copy of the email correspondence between the parties is attached hereto as Exhibit E.  Readerlink sent a counterproposal, inquiring whether Plaintiff would "accept payment of an additional $1,000 for the sale, rather than recall and destruction, of the Survival Guide already printed."  Ex. E. at p. 2.

21.     On July 20, 2018, Plaintiff rejected Readerlink's counterproposal.  *Id.* at pp. 1–2.

22.     Later that day, Readerlink's counsel stated "I understand Ms. Granat's position and will respond to your letter at the beginning of the week, in the form requested. We will recall and destroy the books"—Readerlink's second representation that it would recall and destroy the books. *Id.* at p. 1.

23.     On July 24, 2018, counsel for Readerlink sent another email response to Plaintiff's July 19, 2018 letter.  A true and correct copy of the email correspondence between the parties is attached hereto as Exhibit F.  Counsel for Readerlink attached a countersigned version of the July 19, 2018 letter, requesting until September 15, 2018 to provide the official certification of destruction—Readerlink's third representation that it would recall and destroy the books.  Ex. F at pp. 9–11.  Plaintiff agreed to the counter-proposed date of certification.  *Id.* at p. 8.

24.     The next day, July 25, 2018, counsel for Readerlink emailed counsel for Plaintiff and proposed an "alternative solution to the recall and destruction" requested by Plaintiff.  *Id.* at p. 7. Specifically, Readerlink asked if Plaintiff would agree to the placement on the Survival Guide of stickers that would cover Plaintiff's name.  *Id.*

25.     On July 30, 2018, Plaintiff's counsel sent an email response stating that Plaintiff would prefer to continue with the recall and destruction of the Survival Guide.  *Id.* at p. 5.  Plaintiff indicated, however, that she may be willing to accept Readerlink's counterproposal of attaching

stickers provided that "the stickers are of an acceptable quality, based on our own assessment of the stickers. In particular, the stickers must obliterate the wrongful attribution should one attempt to remove them." *Id.* Plaintiff also requested that "she receive $2500 in exchange for her agreement to this process." *Id.*

26.     On August 1, 2018, counsel for Readerlink responded as follows:

> Although our plans changed, we believe that the current solution, which was included in Ms. Granat's initial demand, will equally address her concerns, and, as a result, her name will be obliterated from the erroneous credit, as translator of *Survival Guide*, by the stickers. We believe that the other terms of your settlement proposal are excessive and, therefore, respectfully reject them. We will proceed with the stickering over of Ms. Granat's name in the manner I reported, and I will report back to you when that process has been completed.

*Id.* at p. 4.

27.     Later that day, given Readerlink's unilateral decision to change the terms of the agreement and proceed as it saw fit, counsel for Plaintiff responded and stated "[w]e are preparing a complaint for anticipatory breach of contract, violation of Ms. Granat's privacy rights, and perhaps other claims. We will also be seeking injunctive relief." *Id.* at p. 3. Counsel for Plaintiff also asked if Readerlink would "accept service of the Complaint and Motion" and "agree to refrain from proceeding as [] set forth [] pending briefing and a preliminary injunction hearing …" *Id.*

28.     Counsel for Readerlink responded a few hours later and asked Plaintiff to postpone filing an action pending Readerlink discussing the issue with its counsel. *Id.*

29.     On August 2, 2018, counsel for Readerlink responded and stated that Readerlink was "able to offer Ms. Granat the following options: (1) Readerlink will pay Ms. Granat $1,000 and will sticker the books or (2) Readerlink will pay Ms. Granat $2,500 but will not sticker the books or (3) Readerlink will destroy the books"—Readerlink's fourth representation that it would recall and destroy the books. *Id.* at pp. 1–2.

30.     On August 3, 2018, Plaintiff stated that she would "stick with Option 3 per the

terms of the agreement, including certification of destruction … Please confirm Readerlink will destroy, not sticker, the prints." *Id.* at p. 1.

31.    Plaintiff received no response to this email.

32.    On August 8, 2018, after noticing a steep price reduction for Survival Guide on amazon.com, indicating a desire to quickly sell the Infringing Books, Plaintiff ordered a copy.

33.    On August 13, 2018, upon receiving the copy of Survival Guide, counsel for Plaintiff noticed that it contained a false attribution of the translation to Plaintiff and sent an email to Readerlink.  A true and correct copy of the email correspondence between the parties is attached hereto as Exhibit G:  Counsel for Plaintiff stated:

> I ordered a copy of Survival Guide from Amazon last week.  It arrived today and falsely attributes the translation to Ms. Granat.  *See* attached.
>
> I am shocked and disappointed that the false designation was not resolved.  You have left us no choice but to file a lawsuit seeking a temporary restraining order and permanent injunction.  Again, I ask whether you will accept service of the complaint and motion?

Ex. G at pp. 1–2.

34.    Later that day, counsel for Readerlink responded that:

> Your news was a surprise to me, too, and I'm out of the office this afternoon, but have forwarded it to my client to determine what and why it happened. I will report back as soon as I hear. It certainly was our intention to recall all the books; we believed, I'm certain, that none had been distributed. I will find out what happened.

Ex. G at p. 1.

35.    Plaintiff has not heard from Readerlink.  And, while Plaintiff certainly sought to resolve this matter amicably and without the need for Court action, Readerlink unquestionably demonstrated its willingness to disregard its agreement to recall and destroy the Infringing Books. And, while the threat of legal action seemed to lead to a reversal of course, Readerlink appears to have simply been trying to buy itself some time to liquidate its inventory.  In short, Readerlink left

Plaintiff with no choice but to suffer Readerlink's false representations and damage to her reputation, or file this action.

## COUNT I – FEDERAL UNFAIR COMPETITION
## IN VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1051 *ET SEQ.*)

36.     Plaintiff repeats and incorporates the allegations contained in the preceding paragraphs.

37.     Defendant's distribution of the Survival Guide constitutes use in commerce in connection with the sale, offering for sale, distribution, and advertising of goods and services.

38.     Defendant's distribution of the Survival Guide misattributing the translation to Plaintiff constitutes a false designation of origin, a false or misleading description of fact or a false or misleading representation of fact that is likely to cause confusion, mistake, or deception in violation of the Lanham Act Section 43(a), 15 U.S.C. § 1125(A)(1)(a).

39.     Defendant's actions have resulted in actual and probable injury to Plaintiff and Plaintiff is likely to continue to suffer harm without judicial intervention.

40.     Plaintiff has no adequate remedy at law for the irreparable injury and other damage Defendant is causing to Plaintiff's business reputation and goodwill.

41.     Plaintiff has suffered and will continue to suffer economic loss in an amount to be proven at trial directly and proximately caused by Defendant's acts alleged herein.

42.     On information and belief, Defendant's actions, especially those actions taken after notice was given by Plaintiff of the claims asserted herein, have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages.

43.     Defendant's actions make this case exceptional within the meaning of 15 U.S.C. § 1117(a), thereby entitling Plaintiff to an award of reasonable attorneys' fees and costs.

## COUNT II:
## UNFAIR COMPETITION/UNFAIR OR DECEPTIVE ACTS
## UNDER 815 ILCS 510/1 *ET SEQ.*

44.     Plaintiff repeats and incorporates the allegations contained in the preceding paragraphs.

45.     Defendant's distribution of the Survival Guide misattributing the translation to Plaintiff has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services, causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff, and constitutes a representation that Plaintiff has a sponsorship, approval, status, affiliation, or connection that she does not have.

46.     Defendant distributed the Survival Guide misattributing the translation to Plaintiff with knowledge of the deceptive character of the misattribution to Plaintiff.

47.     Defendant has engaged in deceptive trade practices in the course of business within the meaning of 815 ILCS §510/2 (2), (3), (5), and (12) by its distribution of the Survival Guide misattributing the translation to Plaintiff.

48.     Defendant's actions have resulted in actual and probable injury to Plaintiff and Plaintiff is likely to continue to suffer harm without judicial intervention.

49.     Defendant's actions have caused irreparable harm, damage, and injury to Plaintiff and Plaintiff has no adequate remedy at law.

50.     On information and belief, Defendant's actions where conducted in bad faith with deliberate disregard of Plaintiff's rights, and to deprive Plaintiff of her rights.   As such, Defendant's conduct warrants an award of punitive damages in an amount sufficient to punish Defendant and deter such conduct.

## COUNT III – VIOLATION OF THE ILLINOIS RIGHT OF PUBLICITY ACT
### (765 ILCS 1075)

51.     Plaintiff repeats and incorporates the allegations contained in the preceding paragraphs.

52.     Defendant's distribution of the Survival Guide misattributing the translation to Plaintiff constitutes an appropriation of Plaintiff's identity in violation of the Illinois Right of Publicity Act, 765 ILCS 1075/30.

53.     At no time did Plaintiff consent to attribution of the translation of the Survival Guide to Plaintiff or to Defendant's distribution of the Survival Guide misattributing the translation to Plaintiff.

54.     Defendant's distribution of the Survival Guide misattributing the translation to Plaintiff constitutes an appropriation of Plaintiff's identity for Defendant's commercial benefit in violation of the Illinois Right of Publicity Act, 765 ILCS 1075/30.

55.     Defendant's actions have resulted in actual and probable injury to Plaintiff and Plaintiff is likely to continue to suffer harm without judicial intervention.

56.     Plaintiff has no adequate remedy at law for the irreparable injury and other damage Defendant is causing to Plaintiff's business reputation and goodwill.

57.     Plaintiff has suffered and will continue to suffer economic loss in an amount to be proven at trial directly and proximately caused by Defendant's acts alleged herein.

58.     On information and belief, Defendant's actions, especially those actions taken after notice was given by Plaintiff of the claims asserted herein, have been intentional, with knowledge, willful, with actual malice, and in bad faith, justifying the imposition of enhanced damages.

59.     Defendant's actions make this case exceptional entitling Plaintiff to an award of reasonable attorneys' fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Annette Granat prays for judgment against Defendant as follows:

A.      For a temporary restraining order restraining Defendant and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Survival Guide that mistakenly attribute Plaintiff as the translator;

B.      For a preliminary injunction enjoining Defendant and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Survival Guide that mistakenly attribute Plaintiff as the translator;

C.      For a permanent injunction enjoining Defendants and any associated officers, agents, servants, employees, attorneys, and all persons in active concert or participation with each or any of them, from committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Survival Guide that mistakenly attribute Plaintiff as the translator;

D.      To order the impounding of all copies of the infringing articles described herein in the possession, custody, or control of Defendant;

E.      For all damages to which Plaintiff is entitled, including actual damages and

profits of Defendant;

F.     Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate;

G.     Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above;

H.     Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums;

I.     Awarding Plaintiff its reasonable costs and other expenses of litigation, including attorneys' fees; and

J.     Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable in this matter.

Dated: August 14, 2018

Respectfully submitted,

/s/ Barry F. Irwin, P.C.
Barry F. Irwin, P.C.
Adam J. Reis
**IRWIN IP LLC**
222 S. Riverside Plaza, Ste. 2350
Chicago, IL 60606

Telephone: 312-667-6080
Email: birwin@irwinip.com

*Attorneys for Plaintiff Annette Granat*